IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINA TUBBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-1598-N (BT) |
| | § | |
| GSA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On June 25, 2024, *pro se* plaintiff Regina Tubbs filed a document that the Court construed as a civil rights complaint. ECF No. 3. She provided an address upon filing, but documents that the Court has tried to send to Tubbs at that address—including important instructions sent to *pro se* litigants upon opening a new case—have been returned to the Court as "undeliverable," indicating that Tubbs moved without apprising the Court of her new address.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a

party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Here, in contravention of the local rules of this Court, Rule 41(b), and the Court's standard instructions to *pro se* plaintiffs, Tubbs has failed to keep the Court apprised of her address. *See* ECF No. 2 ("Instructions to a Non-Prisoner *Pro Se* Plaintiff"); *Thompson v. Beatty*, 2023 WL 5311518, at *1 (N.D. Tex. July 28, 2023) ("Under Rule 41(b), the plaintiff has a duty to keep the Court apprised of any address changes."), *rec. accepted* 2023 WL 5312210 (N.D. Tex. Aug. 17, 2023) (citing *Lewis v. Hardy*, 248 F. App'x 589 593 n.1 (5th Cir. 2007)); N.D. Tex. Civ. R. 1.1 (c)(2), 83.13, and 83.14; *see also Compean v. Guerra*, 2023 WL 2575836, at *2 (S.D. Tex. Feb. 14, 2023) ("Also supporting a Rule 41(b) dismissal is the fact that Plaintiff has failed to provide an updated address in compliance with the Local Rules."), *rec. accepted* 2023 WL 2574992 (S.D. Tex. Mar. 20, 2023).

Given these circumstances, this case cannot proceed because the Court cannot communicate with Tubbs. As a result, the Court should dismiss Tubbs's case without prejudice for failure to prosecute and failure to follow Court orders.

### Recommendation

The Court should dismiss Tubbs's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

SO RECOMMENDED.

Dated August 30, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

3